LEMMON, Justice,
concurring.
The principal purpose of La.Code Civ. Proc. arts. 531 and 532 is to prevent a series of vexatious suits by the same plaintiff against the same defendant in the same transaction or occurrence in different forums. When such a series of suits are filed in Louisiana courts, Article 531 allows the defendant to have all but the first dismissed, but if the defendant fails to do so, the plaintiff may pursue any of the suits and a judgment-in any is conclusive of all.[1] When the first suits are in a federal or foreign court and the last is in a Louisiana court, Article 532 permits the Louisiana court in its discretion to stay proceedings in that suit.
When one party is the plaintiff in one suit and the defendant in the other (as in the present case), this situation is usually the result of a race to the courthouse in search of a perceived favorable forum. Unless there is misleading or deception involved, there is usually nothing illegal or inherently evil about such a race. If both suits are filed in the same jurisdiction (Louisiana), probably Article 531 will generally require dismissal of the last suit (filed by the loser of the courthouse race). However, if each suit is filed in a different jurisdiction (state), Article 532 arguably may still be applicable, but the judge has a great amount of discretion depending on the circumstances (and possibly upon an interest analysis).
I disagree with much of the reasoning of the trial court in the present case, and I would prefer to grant the application, docket the case for argument, and provide guidance to the lower courts in the application of Articles 531 and 532. Because there are not enough votes for my position, I join in the order reinstating the judgment of the trial court based on the deference to that court’s exercise of discretion.

. The language of Article 531 fairly suggest that the article contemplates suits by the same plaintiff against the same defendant.